101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Diane HACKETT, Plaintiff-Appellant,
v.
CORNELL UNIVERSITY, Defendant-Appellee.
 No. 95-7741.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 1
 APPEARING FOR APPELLANT: Diane Hackett Lambright, Atlanta, Georgia, pro se.
 
 
 2
 APPEARING FOR APPELLEE: Valerie L. Gross, Ithaca, New York.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before LUMBARD and MAHONEY, Circuit Judges, and OWEN, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 1. Plaintiff-appellant Diane Hackett Lambright appeals pro se from a judgment entered June 14, 1995 that dismissed her employment discrimination action after a bench trial. Hackett's complaint alleged that her employer, defendant-appellee Cornell University Medical College, discriminated against her because she is African-American in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981; she also alleged pendent state law claims of intentional and negligent infliction of emotional distress. In a pretrial stipulation, Hackett withdrew all but her Title VII and negligent infliction of emotional distress claims, which were tried to the court. On appeal, Hackett contends (1) that the district court did not give sufficient consideration to all the evidence and therefore erred in entering judgment against her, and (2) that her attorney failed to obtain in discovery certain documents that allegedly would have supported her Title VII claim.
 
 
 9
 2. In reviewing a decision made after a bench trial, "we must determine whether the district judge applied the correct legal principles and whether his findings of fact were 'clearly erroneous.' " Ezekwo v. NYC Health & Hosp. Corp., 940 F.2d 775, 780 (2d Cir.) (quoting Fed.R.Civ.P. 52(a)), cert. denied, 502 U.S. 1013 (1991). Applying this standard, we find no error in the legal conclusions or factual findings of the district court. See Hackett v. Cornell Univ., No. 93 Civ. 6853(DLC) (S.D.N.Y. May 23, 1995) (oral decision from bench).
 
 
 10
 3. Lambright's contention that her attorney failed to conduct adequate discovery does not assert any error by the district court, and therefore provides no basis for reversal. Insufficiency of counsel is not a cognizable claim of error in a civil case.
 
 
 
 *
 The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation